Filed 5/28/24  P. v. Moriwaki CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B320915 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA174739) |
| v. | |
| AURELIUS DAVID MORIWAKI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Larry P. Fidler, Judge.  Reversed and remanded with instructions.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Aurelius David Moriwaki appeals from the trial court's summary denial of a request by the Department of Corrections and Rehabilitation (CDCR) that appellant be resentenced under former Penal Code section 1170, subdivision (d)(1).[1]  The People agree that the matter should be remanded. We agree, reverse the order denying relief, and remand for proceedings consistent with the requirements of section 1172.1.

## BACKGROUND

On February 16, 2000, the People filed an amended information charging appellant with the September 1998 murder of Chrissy Ann Mendivil (§ 187, subd. (a)).  The information further alleged that appellant personally used a firearm (§ 12022.5, subd. (a)(1)) and personally and intentionally discharged a firearm, proximately causing great bodily injury and death to Mendivil (§ 12022.53, subd. (d)(3)).

On March 8, 2000, a jury found appellant guilty of second degree murder and found the enhancement allegations true.  The trial court subsequently found that appellant was legally sane at the time of the crime.  The trial court sentenced appellant to 15 years to life for the murder and 25 years to life for the section 12022.53 enhancement.  It imposed and stayed a sentence of 10 years for the section 12022.5 enhancement pursuant to section 654.  A different panel of this court affirmed the judgment on direct appeal.  (*People v. Moriwaki* (May 30, 2001, B140771) [nonpub. opn.].)

At some point, the CDCR sent a letter to the trial court requesting that the trial court recall appellant's sentence and resentence him pursuant to former section 1170, subdivision

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

(d)(1).[2]  On February 8, 2021, the trial court issued a minute order stating the following:

"Defendant is not present in court, and not represented by counsel.

"The court has read the letter from the Office of the Department of Corrections and Rehabilitation, Office of the Secretary, requesting the defendant's sentence be recalled and that he be resentenced pursuant to Penal Code section 1170(d)(1).

"The court has reviewed the appellate decision and the material attached to the Secretary's letter.

"The court notes that within the last five years he has sustained complaints involving weapons and violence for not taking his medications.

"At trial, his expert witness testified that if he failed to take his medication, he was psychotic.

"The court declines to recall his sentence and resentence him."

On June 13, 2022, appellant filed a motion in this court seeking relief from default.  We granted the motion and appellant filed a notice of appeal on July 19, 2022.

## DISCUSSION

Shortly after the trial court summarily denied the CDCR's request for recall of appellant's sentence and resentencing of appellant, the Legislature passed and the Governor signed Assembly Bill No. 1540 (AB 1540).  (Stats. 2021, ch. 719.) Effective January 1, 2022, the bill revised the provisions of former section 1170, subdivision (d)(1) and moved them to a new section, 1170.03.  Effective June 30, 2022, section 1170.03 was

---

[2]     The letter is not in the appellate record; the clerk filed a certificate stating that it could not be located.

renumbered as section 1172.1 with no change in text.  (Stats. 2022, ch. 58, § 10.)

Section 1172.1 now sets forth a number of procedural requirements that must be followed when the CDCR or other official listed in section 1172.1 files a request for recall and resentencing.[3]  When the trial court receives a petition from a listed official, it "shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request," and the "order setting the conference shall also appoint counsel to represent the defendant."  (§ 1172.1, subd. (b)(1).)  The parties may stipulate to resentencing without a hearing, but "[r]esentencing shall not be denied, nor a stipulation rejected, without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection."  (*Id.*, subd. (a)(9).)

At the hearing, the court "shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued

---

[3]  The requirements set forth in section 1172.1, subdivision (b) apply only where a listed entity other than the court itself files the motion.  (See § 1172.1, subd. (b).)  The requirements set forth elsewhere in the statute apply even where the court recalls and resentences the defendant on its own motion.  (See generally § 1172.1.)  "A defendant is not entitled to file a petition seeking relief from the court under this section," and "the court is not required to respond" if the defendant "requests consideration for relief under this section."  (*Id.*, subd. (c).)

4

incarceration is no longer in the interest of justice. Evidence that the defendant's incarceration is no longer in the interest of justice includes, but is not limited to, evidence that the defendant's constitutional rights were violated in the proceedings related to the conviction or sentence at issue, and any other evidence that undermines the integrity of the underlying conviction or sentence. The court shall consider if the defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, if the defendant was a victim of intimate partner violence or human trafficking prior to or at the time of the commission of the offense, or if the defendant is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense, and whether those circumstances were a contributing factor in the commission of the offense." (*Id.*, subd. (a)(5).) There is "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (*Id.*, subd. (b)(2).)

At the conclusion of the hearing, the trial court "shall state on the record the reasons for its decision to grant or deny recall and resentencing." (§ 1172.1, subd. (a)(7).) If it grants the petition, it "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (a)(2).) After the trial court makes its ruling, it "shall advise the defendant of their right to appeal and the necessary steps and time for taking an appeal." (*Id.*, subd. (d).)

5

It is undisputed that the trial court did not adhere to several of these requirements, which did not exist at the time of its February 2021 ruling. The question here is whether appellant is entitled to the benefit of these later-enacted procedural protections.

Appellant contends the new provisions should apply to his case because AB 1540 "clarified the resentencing procedures in former section 1170, subdivision (d)(1), which was in effect when the lower court made its ruling." He alternatively contends that the new provisions are retroactive under *In re Estrada* (1965) 63 Cal.2d 740. Respondent disputes that the changes are retroactive under *Estrada* but agrees that AB 1540 includes "indicia of legislative intent to clarify the prior amendment."

We agree. As persuasively set forth in *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041-1042 (*McMurray*), "the Legislature repeatedly indicated that Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing." When the Legislature enacts legislation that construes or clarifies a prior statute while a case involving the amendment is on appeal, "the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation." (*Id.* at p. 1039, citing *Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 253.)

We agree with *McMurray* and other decisions that have reversed and remanded on this basis without addressing the *Estrada* question. (See *People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078-1079; *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1089-1090.) We accordingly reverse the trial court's order and

6

remand for further proceedings consistent with the current version of section 1172.1.  We express no opinion whether appellant's sentence should be recalled or, if it is recalled, whether he should be resentenced and what that sentence should be.

## DISPOSITION

The order is reversed and the matter is remanded for further proceedings consistent with section 1172.1.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P. J.


MORI, J.

7